IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHIRAG AMIN,

                                                                                                 OPINION and ORDER

               Plaintiff,

                                                                                 07-cv-0702-bcc

     v.

PENSON FINANCIAL SERVICES, INC.,
ONLINE BROKERAGE SERVICES, INC.,
UNITED STATES POSTAL SERVICE,
UNITED STATES OF AMERICA,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Chirag Amin alleges that postal officials, acting of behalf of defendants United States Postal Service and United States of America, have mishandled his mail, opening it and disseminating information about its contents in violation of his constitutional rights under the Fourth Amendment. He has deduced that a postal official or postal officials did so for the following two reasons: (1) a check that plaintiff wrote to defendant Penson Financial Services, Inc. for $.14 was debited from his checking account, but did not appear on the list of "Checks Paid" that his bank provided him at the end of the month, and he has not received a copy of the cancelled check and (2) a tax return that plaintiff sent to the

1

Wisconsin Department of Revenue by certified mail was reported delivered to a different zip code than plaintiff expected. Plaintiff requests compensatory and punitive damages. In addition to his constitutional claims against the government, plaintiff has brought what I understand to be supplemental state-law invasion of privacy claims against all defendants, including Penson Investment Services, Inc. and Online Brokerage Services, Inc.

Plaintiff is proceeding on his claims pro se and has paid the required filing fee. However, I must dismiss the case at the outset because it suffers from an immediately apparent and fatal flaw: plaintiff is suing the wrong parties for the alleged constitutional violations. Because plaintiff's federal claims must be dismissed and there is no independent ground for the exercise of jurisdiction over his state law invasion of privacy claims, those claims will be dismissed as well.

First, plaintiff's claims against the United States cannot proceed; the United States cannot be sued for money damages under the Constitution unless Congress has waived its sovereign immunity, which is not the case here. Dahler v. United States, 473 F.3d 769, 771 (7th Cir. 2007). Next, although individuals who have been injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against *that agent* under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the United States Supreme Court has held that such an action may not be brought against federal agencies themselves. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Therefore, as a

2

federal agency, the United States Postal Service is not amenable to suit under Bivens. E.g., Baker v. Runyon, 114 F.3d 668, 670 (7th Cir. 1997) (holding that Postal Service is "federal agency" not withstanding quasi-commercial nature or "sue and be-sued" clause in charter).

Finally, I will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claim regarding invasion of privacy, which he asserts against all defendants. Federal courts such as this one may have jurisdiction over state law claims only when: (1) the parties are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332; or (2) a state law claim is part of the same case or controversy as a federal law claim, 28 U.S.C. § 1367.

As noted above, plaintiff cannot proceed on his federal claims. Therefore, the only ground for this court's jurisdiction over his remaining state law claim would be diversity. In this case, plaintiff's claim relates to damages he allegedly suffered as a result of a check for $.14 being viewed and improperly handled. Plaintiff does not allege that these damages exceed $75,000, nor would such an allegation be plausible if he did. Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 881 (7th Cir. 2001) (plaintiff must have "minimally reasonable belief" that claim is for more than $75,000). Moreover, plaintiff's allegations are so "attenuated and unsubstantial" on their face that they would not support the exercise of this court's jurisdiction in any event. Hagans v. Lavine, 415 U.S. 528, 536-37 (1974); McCurdy v. Sheriff of Madison County, 128 F.3d 1144, 1145 (7th Cir. 2002) ("A frivolous suit does not

3

engage the jurisdiction of the federal courts."). Consequently, I will decline to exercise supplemental jurisdiction over plaintiff's state law invasion of privacy claim against defendants.

ORDER

IT IS ORDERED that plaintiff Chirag Amin's complaint is DISMISSED against defendants United States of America, United States Postal Service, Penson Financial Services, Inc. and Online Brokerage Services, Inc. The clerk of court is directed to close this case.

Entered this 3d day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4