IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHIRAG AMIN,

                                                                      ORDER

                Plaintiff,

                                                   3:07-cv-00702-bbc

     v.

PENSON FINANCIAL SERVICES, INC.,
ONLINE BROKERAGE SERVICES, INC.,
UNITED STATES POSTAL SERVICE,
UNITED STATES OF AMERICA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was closed on January 3, 2008, after I concluded that plaintiff's complaint did not present any claim cognizable under federal law and that this court lacked jurisdiction over his state law claims. On January 7, 2008 and again on January 16, 2008, plaintiff asked for reconsideration of the January 3 decision. Now, for the third time, plaintiff has filed a "Motion for Clarification" (Dkt. #11) and a request for issuance of summonses (Dkt. #10). The motion for clarification will be granted. The request for issuance of summonses will be denied.

      In his motion for clarification, plaintiff asks to be informed what authority this court

1

has for dismissing his complaint sua sponte. That authority lies in Fed. R. Civ. P. 12(h)(3), which states:

> Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action. (Emphasis added.)

The Supreme Court of the United States has ruled that where the claims in a complaint are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court] or otherwise completely devoid of merit as not to involve a federal controversy," it is appropriate to dismiss the complaint for lack of subject matter. Plaintiff's complaint in this case fit that description. He sought to recover from the United States and the United States Postal Service damages the law bars him from recovering on a claim of mail mishandling that was entirely insubstantial and implausible. With no federal law claim of any substance, there was no basis for exercising supplemental jurisdiction over his state law claims.

Although I have indulged plaintiff's persistent questioning of my decision to dismiss his case, I do not intend to carry the colloquy further. Any future motion plaintiff might file seeking further explanations for this court's decision will be placed in the court's file and no response will be made to it.

Finally, because this case is closed, plaintiff's request for the issuance of summonses so that he can serve his complaint on the defendants will be denied.

ORDER

IT IS ORDERED that plaintiff's motion for clarification (Dkt. #11) is GRANTED; plaintiff's request for issuance of summonses(Dkt. #10) is DENIED.

Entered this 25th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge